In the Matter of the Assignment of PHILIP JESELSON to AMAND PLAUT, for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided January 25th, 1882.)

Upon a reference of claims presented under an assignment for the benefit of creditors, which are not mentioned in the schedules and are disputed by the assignor, the affirmative of the issue is upon the claimants.

Where such an order of reference directs that the referee shall take proof and report as to the validity of contested claims, none of the parties who have appeared can object to proceeding under the order.

APPLICATION to confirm the report of a referee upon an accounting by an assignee, and upon disputed claims under a general assignment for the benefit of creditors.

J. F. DALY, J.—The assignor objects to the referee's report in favor of a distribution of the estate among certain creditors who presented claims. It appears that on referring the assignee's account on September 13th, 1881, the court ordered

Matter of Jeselson.

the referee to take proofs, and report what persons are entitled to share in the distribution of the assigned estate, and ordered that any party to that proceeding might object to any claim presented before the referee, and that the referee should take proof and report as to the validity of such contested claim. This order was made on a hearing in which the assignor and other parties appeared by attorneys and counsel, and was entered without objection. The claims now contested by the assignor were presented to the referee by the assignee who had received them pursuant to advertisement, and by creditors on the accounting. The assignor objected to them. No proof was taken by the referee, and he reports that the claimants are entitled to distribution.

It was the duty of the claimants to offer evidence of their demands. The burden was on them to show a claim against the assignor, as they were not mentioned in the schedule. This objection raised an issue which the referee was to try, and the claimants had the affirmative. As no proof was offered, the claims should not have been allowed. As the referee, however,. seems to have been of opinion that the burden was on the party attacking the claim, the report should be referred back to permit evidence to be given in the regular way.

The referee, under the order of reference (made without objection), has power to try the disputed claim under section 26 of the Assignment Act. This is the way pointed out by statute to ascertain who are entitled to share in the assigned estate. The assignor cannot object to proceeding under it.

Report referred back to take proof accordingly.